MANHATTAN OVERSEAS COMPANY, INC., PLAINTIFF-RESPONDENT, v. CAMDEN COUNTY BEVERAGE COMPANY, DEFENDANT-APPELLANT.

Submitted February 14, 1941—Decided April 25, 1941.

For the defendant-appellant, *Walter S. Keown.*

For the plaintiff-respondent, *Casselman & Boulton* and *Walter R. Carroll.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court affirming a judgment of the Camden County Circuit Court entered upon the verdict of a jury after a trial before Judge Palmer. Plaintiff had a verdict for breach of contract and defendant appeals. The facts are stated at length in the opinion of Mr. Justice Perskie in the Supreme Court.

In the argument in this court there is but one ground assigned as error for the refusal to nonsuit or direct a verdict for the defendant, namely, that the ten bales of hops involved in this suit were not the hops contracted for. The contention of the defendant is that it contracted to buy a particular lot of twenty-five bales of hops, but we do not think that the contract must be so construed as a matter of law. The order was for twenty-five bales of Prima 1936 Polish hops. There was no designation of a particular lot in existence or segregated at the time. We agree with the conclusion of the Supreme Court that the subject-matter of the contract was Polish hops of a certain quality of the 1936 crop irrespective of the lot from which they chanced to come. Defendant further argued that there was a sale by sample and the bulk was required to correspond to the sample, but plaintiff produced proof that the bulk, both the first and second importations, did correspond with the sample in quality.

It is also urged in this court, as it was below, that there was error in the admission of parol testimony to explain the language of the written contract "at the disposal of Mr. Martin." We agree with the holding of the Supreme Court that, under the circumstances of this case, it was proper to admit such testimony to show that the words were used pursuant to an established custom in the trade.

The next point argued in this court is that the trial judge in the charge erroneously limited the defendant to one defense, namely rescission. The assumption in defendant's argument seems to be that the court referred to rescission in the technical sense, including tendering back the goods delivered and demanding in return the purchase price. Defendant says "the testimony, however, is that the goods used were paid for and the dispute only dealt with future shipments." This

appears to be so. However, the trial judge, in the particular portion of the charge complained of, used the word "rescission" as synonymous with "abandonment," but there could have been no misleading of the jury because he did not charge that there was a duty on the defendant to tender return of the goods in order to establish its defense to the present action. The charge of the court makes clear that the defendant claimed the right to refuse to accept further deliveries under the contract because of breach of warranty in defective goods supplied. He charged, at the request of defendant, that if the shipment of October 27th, 1937, was inferior to the original two bales, the plaintiff could not recover. This was the question of fact submitted for the determination of the jury. There was, therefore, no harm to the defendant in the portion of the charge here complained of.

The next point here argued concerns the refusal of the trial court to charge a request to charge which had to do with the measure of damages. The trial court charged the jury that if they found for the plaintiff the amount of their verdict should be the sum claimed in the complainant, plus interest from June 18th, 1938, the date plaintiff alleged the breach of contract occurred, and the defendant took no exception to this charge. It acquiesced in the submission of the case to the jury upon this theory and cannot now complain.

These are the only points raised in this court. The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.